NEW YORK
COUNTY CLERK'S OFFICE

JUL 1 9 2005

NOT COMPARED
WITH COPY FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------- X

PALESTINE MONETARY AUTHORITY,           :   Index No.  107777/05

                Plaintiff,     :   **FIRST AMENDED COMPLAINT**

   -against-                      :

DAVID STRACHMAN, et al.,              :

                Defendants.    :

-------------------------------------------------- X

DAVID STRACHMAN, et al.,             :   Index No. 105521/05

                Plaintiff,     :

   -against-                      :

THE PALESTINIAN AUTHORITY, et al.,    :

                Defendants.    :

-------------------------------------------------- X

       PLAINTIFF, the Palestine Monetary Authority (the "PMA"), by undersigned counsel, for

its claims against the DEFENDANTS, The Bank of New York Company, Inc. (the "BONY"),

David J. Strachman, as Administrator of the Estates of Yaron Ungar and Erfat Ungar, and the

additional counterclaim and cross-claim plaintiffs[1] (collectively the "Strachman Defendants"),

states as follows:

---

[1] The additional counterclaim and cross-claim plaintiffs are Yishai Ungar and Dvir Ungar, minors, by their
guardians and next friends, Meyer Ungar; Judith Ungar; Rabbi Uri Dasberg; Judith Dasberg (individually and in
their capacity as legal guardians of plaintiffs Dvir Ungar and Yishai Ungar); Amichai Ungar; Dafna Ungar; and
Michal Cohen.

## INTRODUCTION

1.   The PMA's claims arise from actions taken by the Strachman Defendants and the BONY to freeze approximately $30 million in funds in the custody of the PMA that belong to various commercial banks that use the PMA to settle transactions.

2.   The PMA's settlement transactions are carried out through the Palestine International Bank (the "PIB").

3.   The PIB carries out its U.S. dollar settlement transactions, including those at issue in this action, through the PIB's U.S. correspondent bank, the BONY.

4.   The settlement transactions frozen by the BONY are those listed in Appendix A hereto in which the Palestine Monetary Authority, acting in its capacity as custodian of the funds, is identified either as a beneficiary or originator.

5.   The BONY froze the funds as a result of an Information Subpoena with Restraining Notice (the "New York Restraining Notice") issued pursuant to CPLR 5222 in the matter styled *Estates of Yaron Ungar, et al. v. Palestinian Authority*, New York County Index No. 105521/05 and a Federal Notice of Injunction stemming from a Federal Restraining Order and Federal Injunction issued by the United States District Court for the District of Rhode Island in the case styled, *Estates of Yaron Ungar, et al. v. Palestinian Authority, et al.*, C.A. No. 00-105L (the "Rhode Island Action").

6.   The New York Restraining Notice, the Federal Restraining Order and the Federal Injunction issued in the Rhode Island Action arise from a judgment obtained by the Strachman Defendants in the Rhode Island Action against the Palestinian Authority (the "PA"), the Palestinian Liberation Organization (the "PLO"), and others.

7.    The PMA was neither named as a defendant in the Rhode Island Action nor as an entity holding or managing assets of any of the named entities or individuals in the Rhode Island Action.

8.    After domesticating the judgment received in the Rhode Island Action in New York, under the New York County Index No. 105521/05, on or about April 21, 2005, the Strachman Defendants caused the BONY to be served with the New York Restraining Notice, on or about April 21, 2005.

9.    The New York Restraining Notice incorrectly stated the BONY is in possession of "assets and property in which the judgment debtors [in the Rhode Island Action – the PA and PLO] have an interest are held and/or titled under the name[] ... the Palestine Monetary Authority (PMA)."

10.    On or about May 9, 2005, the Strachman Defendants caused the BONY to be served with a Notice of Injunction (the "Federal Notice of Injunction") and a copy of the Federal Injunction.

11.    The Federal Notice of Injunction improperly stated "assets of the PA and PLO are held and/or titled under the names...Palestine Monetary Authority (PMA)."

12.    The BONY froze all PMA-related transactions after reviewing the New York Restraining Notice and the Federal Notice of Injunction, both of which falsely stated that the assets of the PA and/or the PLO were being held and/or titled under the name of the Palestine Monetary Authority (the "PMA").

## PLAINTIFF

13.    The PMA is headquartered in Ramallah, Palestinian Territories and it has a mailing address in Ramallah of Nablus Road, P.O. Box 452.

14.    The PMA is the regulatory authority for commercial banks and related deposit taking institutions in the Palestinian territories.

15.    The PMA is not controlled by the PA or the PLO.

16.    The PMA possesses an autonomous corporate character financially independent from the PA and PLO.

17.    The PMA neither holds nor manages any funds of the PA or the PLO or any other named-defendant in the Rhode Island Action.

18.    Neither the PA nor the PLO's assets are held and/or titled under the name of the Palestine Monetary Authority or the "PMA."

19.    The PMA was established as a result of the Protocol on Economic Relations signed in May 1995 following the Oslo Accords concluded between Israel and the PLO under the auspices of President Clinton in 1993.

20.    Initially, the PMA was set up as a regulatory authority to license and supervise commercial banks operating in the Palestinian territories.

21.    As part of its normal regulatory functions, the PMA established clearinghouse arrangements with commercial banks in the Palestinian territories to help provide needed liquidity to the market and to ensure smooth operations of all transactions related to the clearing of checks, interbank payments, and all other transfers through the banking system.

22.    Regulations were issued requiring the commercial banks operating in the Palestinian territories to open clearinghouse accounts with the PMA and to maintain certain balances in those accounts in order to cover any financial obligations arising from the clearing of payments.  Specifically, the PMA has issued rules that require, among other things, that all commercial banks remit to the PMA certain ratios of the total deposits of the currencies in

circulation in the Palestinian territories. The funds are remitted to the PMA as required reserves of commercial banks.

23.    As of April 30, 2005, the total of all commercial banks required reserves and other deposits held at the PMA amounted to $514.7 million.

24.    As Palestine is yet to achieve sovereignty, the PMA remains an autonomous chartered regulator whose purpose is to facilitate normal banking activity and to help maintain financial stability.

25.    The highest source of authority for the activities of the PMA is its own board of directors, chaired by the Governor.

26.    The PMA and the commercial banks it regulates transact business in Israeli shekels, euros, Jordanian dinars and importantly for the purposes of this Complaint in U.S. dollars.

27.    The PMA, through the PIB, clears all U.S. dollar transactions with the BONY in Manhattan.

28.    These U.S. dollar transactions result from daily check clearances, inter-bank transfers and other transfers between private parties.

## DEFENDANTS

29.    The BONY is a multi-faceted banking institution offering a wide array of financial services. Its headquarters are located at One Wall Street, New York, New York 10286.

30.    David Strachman, an attorney with the law firm of McIntyre, Tate, Lynch & Holt, 321 South Main Street, Providence, RI 02903, is the Administrator of the Estates of Yaron Ungar and Erfat Ungar and the attorney for the Estates of Yaron Ungar and Erfat Ungar and the additional counterclaim and cross-claim plaintiffs in the Rhode Island Action.

31.    The additional counterclaim and cross-claim plaintiffs, along with the Estates of Yaron Ungar and Erfat Ungar, are judgment creditors of the judgment debtors – the PA and PLO – in the Rhode Island Action.

32.    On or about April 21, 2005, the Strachman Defendants caused the New York Restraining Notice to be served on the BONY in Manhattan.

33.    In early May, 2005, the Strachman Defendants caused the Federal Notice of Injunction to be mailed to the BONY in Manhattan.

34.    As a direct result of the Strachman Defendants' New York Restraining Notice and Federal Notice of Injunction, the BONY froze the PMA's transactions.

## FACTS COMMON TO ALL CAUSES OF ACTION

35.    On or about May 18, 2005, the PMA discovered that millions of dollars of transactions had been inexplicably frozen by the BONY.

36.    As a result of the freeze, the PMA's ability to move the dollar holdings for interest bearing purposes has been blocked—seriously damaging the PMA's ability to manage the funds in its custody and to earn income therefrom.

37.    The PMA immediately investigated the matter, contacting high ranking executives at the BONY.

38.    The BONY informed the PMA that it had received the Federal Notice of Injunction and, as a result of that Notice, took measures to freeze the PMA's transactions.

39.    The PMA is neither a defendant in the Rhode Island Action, nor does it hold or manage any assets of the PLO or PA or any assets of any other defendant named in the Action (nor does it have access to any of those funds).  The PMA was also not named in either the

Federal Restraining Order or the Federal Injunction issued by Judge Lagueux in the Rhode Island Action.

40.     To evidence the PMA's autonomy and financial independence from the PA and PLO and to demonstrate that the blocking or freezing of the PMA's transactions with the BONY is without any legal or factual justification, the PMA instructed its auditors, Saba & Co., an affiliate of Deloitte Touche Tohmatsu, to prepare a report detailing the source of all of the PMA's funds.

41.     Saba & Co.'s report demonstrates that all funds in the PMA's possession, entirely and exclusively, consist of funds held on behalf of commercial banks, its own capital and reserves, and employees' provident funds.

42.     On May 19, 2005, the PMA instructed the PIB to write to the BONY urging the BONY to honor all outgoing and incoming payments and emphasizing that all frozen funds belong to private, licensed commercial banks in the Palestinian territories and not to the PMA.

43.     Despite the PIB's demands that the BONY unfreeze the transactions in question, the private fund transactions remain frozen.

44.     The PMA estimates that approximately $30 million in private fund transactions remain blocked today.

45.     To protect itself from further arbitrary action by the Defendants, the PMA has refrained from effecting any U.S. dollar transactions, prolonging the period of uncertainty and aggravating the irreparable harm to the banking system in the Palestinian territories.

46.     As a direct and proximate result of the BONY's and the Strachman Defendant's actions, the PMA has and continues to suffer irreparable harm to its goodwill and reputation, as well as incurring substantial monetary damages.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Against All Defendants — Declaratory and Injunctive Relief)

47.    The PMA repeats and realleges each and every allegation of Paragraphs 1 through 46 as if more fully set forth herein.

48.    The Strachman Defendants obtained a judgment against the PA and the PLO in the Rhode Island Action.

49.    The Federal Restraining Order and the Federal Injunction were issued in connection with the judgment in the Rhode Island Action.

50.    The Federal Restraining Order and the Federal Injunction state in relevant part:

The Palestinian Authority and the Palestine Liberation Organization and their officers, agents, servants, employees, attorneys, partners, fiduciaries, and any natural or legal persons in privity with them and/or acting on their behalf and/or in active concert and participation with them, are hereby prohibited, restrained and enjoined from withdrawing, selling transferring, alienating, assigning, pledging, impairing, offsetting, hypothecating, encumbering, concealing, secreting, trading, removing, or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of the Palestinian Authority and/or the Palestine Liberation Organization however titled (including without limitation all accounts, deposits, cash, shares, stock, credits, partnership rights or interests, equitable rights or interests, contractual rights, holdings, financial interests or real estate) located within the jurisdiction of the United States or of any State thereof.

51.    On or about May 9, 2005, the Strachman Defendants prepared the Federal Notice of Injunction that impermissibly expanded the terms of the Federal Restraining Order and Federal Injunction set forth above by stating in relevant part that the:

Injunction applies to all assets of the PA and PLO however titled, and that assets of the PA and PLO are *held and/or titled under the name[] ... Palestine Monetary Authority (PMA)*. (emphasis added)

52.    The Strachman Defendants served the Federal Notice of Injunction on the BONY on or about May 9, 2005.

53.     On or about April 21, 2005, the Strachman Defendants caused the preparation of the New York Restraining Order that incorrectly stated:

[T]he assets and property in which the judgment-debtors have an interest are *held and/or titled under the name[] ... Palestine Monetary Authority (PMA)* .... (emphasis added)

54.     On or about April 21, 2005, the Strachman Defendants caused the New York Restraining Order to be served on the BONY.

55.     As a result of being served with the Federal Notice of Injunction and the New York Restraining Order, the BONY froze the transactions and funds identified in Appendix A.

56.     The PMA does not hold or have title to assets of the PA or the PLO.

57.     The transactions and funds identified in Appendix A, in which the Palestine Monetary Authority acting in its capacity as custodian of the funds is identified either as a beneficiary or originator were improperly frozen because the funds belong to commercial banks and not the PA, the PLO, or the PMA.

58.     Accordingly, pursuant to CPLR 3001, the PMA seeks a declaratory judgment that:

a)      the assets involved in the transactions listed in Appendix A, in which the Palestine Monetary Authority acting in its capacity as custodian of the funds is identified either as a beneficiary or originator, belong to the commercial banks named in those transactions and not to the PA, the PLO, or the PMA;

b)      the Strachman Defendants improperly instructed the BONY to freeze the assets in the custody of the PMA based on the incorrect premise that the PMA is an alter ego of the PA or the PLO or that the PMA holds or has title to assets of the PA and the PLO;

c)      the PMA is not the alter-ego of the PA or PLO; and

d)      the PMA is not the agent of the PA or PLO.

59.    The PMA is entitled to an injunction lifting the freeze on the transactions listed in Appendix A in which the PMA, acting in its capacity as custodian of said funds, is identified as either a beneficiary or originator.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Against the BONY — Tortious Interference With Business Relations)

60.    The PMA repeats and realleges each and every allegation of Paragraphs 1 through 59 as if more fully set forth herein.

61.    The PMA acts as a clearinghouse for the commercial banks in the Palestinian territories.

62.    The PMA has a business relationship with commercial banks in the Palestinian territories and in other countries, including those commercial banks listed in the transactions in Appendix A in which the Palestine Monetary Authority, acting in its capacity as custodian of the relevant funds, is identified either as a beneficiary or originator.

63.    The BONY used improper means to freeze the funds belonging to the commercial banks listed in the transactions in Appendix A in which the Palestine Monetary Authority, acting in its capacity as custodian of these funds, is identified either as a beneficiary or originator, in that, upon information and belief, the BONY conducted no investigation and undertook no good faith efforts whatsoever to determine whether said transactions involved assets of the PA and/or the PLO, when in fact the funds involved in said transactions did not belong to the PA, the PLO, or the PMA.

64.    As a direct and proximate result of the BONY's wrongful actions, the PMA has suffered injury to its business relationships with the commercial banks listed in the transactions

in Appendix A in which the Palestine Monetary Authority is identified either as a beneficiary or originator and in the event the current situation continues to exist, such that the PMA cannot efficiently clear U.S. dollar transactions through the PIB in the United States, the PMA's relationships with other commercial banks in the Palestinian territories and in other countries will be seriously and irreparably injured.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Against The Strachman Defendants— Tortious Interference With Business Relations)

65.    The PMA repeats and realleges each and every allegation of Paragraphs 1 through 64 as if more fully set forth herein.

66.    The PMA acts as a clearinghouse for commercial banks in the Palestinian territories.

67.    The PMA has business relationships with commercial banks in the Palestinian territories and in other countries, including those commercial banks listed in the transactions in Appendix A, in which the Palestine Monetary Authority, acting in its capacity as custodian of the relevant funds, is identified either as a beneficiary or originator.

68.    The Strachman Defendants used dishonest, unfair, and/or improper means to freeze the funds belonging to those commercial banks listed in the transactions in Appendix A in which the Palestine Monetary Authority is identified either as a beneficiary or originator, and the Strachman Defendants knew or should have known that said funds were not assets of the PA and/or PLO.

69.    As a direct and proximate result of the Strachman Defendants' actions, the PMA has suffered injury to its business relationships with the commercial banks listed in the transactions in Appendix A in which the Palestine Monetary Authority is identified either as a

beneficiary or originator and in the event the current situation continues to exist such that the PMA cannot efficiently clear U.S. dollar transactions through the PIB in the United States, the PMA's relationships with other commercial banks in the Palestinian territories and in other countries will be seriously and irreparably injured.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Against the BONY — Conversion)

70.     The PMA repeats and realleges each and every allegation of Paragraphs 1 through 69 as if more fully set forth herein.

71.     The PMA was set up as a regulatory authority to license and supervise commercial banks operating in the Palestinian territories.

72.     The PMA is the regulatory authority for commercial banks and related deposit taking institutions in the Palestinian territories.

73.     As part of its normal regulatory functions, the PMA established clearinghouse arrangements with commercial banks in the Palestinian territories to help provide needed liquidity to the market and to ensure smooth operations of all transactions related to the clearing of checks, interbank payments, and all other transfers through the banking system.

74.     The PMA holds funds in custody that belong to commercial banks operating in the Palestinian territories that use the PMA to settle transactions.

75.     The PMA's settlement transactions are carried out through the PIB.

76.     The PIB carries out its U.S. dollar settlement transactions, including those listed in the transactions in Appendix A in which the Palestine Monetary Authority, acting in its

capacity as custodian of the funds, is identified as a beneficiary or originator through the PIB's U.S. correspondent bank, the BONY.

77.    Beginning on or about May 16, 2005, the BONY exercised unauthorized dominion and control over the funds involved in the transactions listed in Appendix A in which the Palestine Monetary Authority, acting in its capacity as custodian of these funds, is identified either as a beneficiary or originator.

78.    The BONY's exercise of dominion and control over said funds interferes with the PMA's rights as custodian of these funds that, in fact, belong to the commercial banks listed in the transactions in Appendix A in which the Palestine Monetary Authority is identified either as a beneficiary or originator.

79.    The funds are specifically identifiable and set forth in the list of transactions in Appendix A in which the Palestine Monetary Authority, acting in its capacity as custodian of these funds, is identified either as a beneficiary or originator.

80.    The PMA has demanded said funds be unfrozen and that the BONY cease exercising unauthorized dominion and control over said funds.

81.    The BONY has refused to unfreeze said funds and cease exercising unauthorized dominion and control over said funds.

82.    The PMA has been damaged as a result of the BONY's conduct.

WHEREFORE, the PMA respectfully requests that the Court:

a)    declare the assets frozen belong to the commercial banks listed in Appendix A and not to the PA and/or the PLO.

b)    declare the Strachman Defendants improperly demanded the BONY freeze the assets in the custody of the PMA based on the premise that the PMA holds or has title to assets of the PA and the PLO;

c)    declare the PMA is not the alter-ego of the PA or PLO;

d)    declare the PMA is not the agent of the PA or PLO;

e)    enter judgment in its favor and against the BONY in an amount to be proven at trial, but to include compensatory damages, punitive damages, prejudgment and post-judgment interest, and costs and expenses;

f)    enter judgment in its favor and against the Strachman Defendants in an amount to be proven at trial, but to include compensatory damages, punitive damages, prejudgment and post-judgment interest, and costs and expenses; and

g)    order that the BONY immediately release the block on all funds involved in the transactions listed in Appendix A in which the Palestine Monetary Authority, acting in its capacity as custodian of the funds, is identified either as a beneficiary or originator and to honor all pending and future incoming and outgoing transactions by the PMA through the PIB or any other agent designated by the PMA and for such further relief as the Court deems just and proper.

Dated: New York, New York
        July 18, 2005

BUSHELL & VALLIERE LLP

By: _____
        Victor C. Bushell
        Cem Ozer
        60 East 42nd Street
        New York, New York 10165
        212-949-4700

        Haig V. Kalbian, Esq.
        Mary M. Baker, Esq.
        Claire A. DeLelle, Esq.
        KALBIAN HAGERTY L.L.P.
        888 17th Street, N.W., Suite 1000
        Washington, D.C.  20006
        (202) 223-5600

| Transaction Number | Date | Originator | Beneficiary | Dollar Amount | Status |
|---|---|---|---|---|---|
| F2S050516889700100 | 5/16/2005 | Palestine Monetary Authority | Jordan National Bank | $350,000.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| F2S050516889700200 | 5/16/2005 | Palestine Monetary Authority | The Housing Bank for Trade and Finance | $455,000.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050516831B000 | 5/16/2005 | Palestinian National Authority | Palestine Embassy/Ukraine | $4,600.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| F2S050516870800 | 5/16/2005 | Palestine Monetary Authority | Al-Quds Bank for Development NAD Investeement | $779,990.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| F2S050516890700300 | 5/16/2005 | Palestine Monetary Authority | JP Morgan Chase Bank NA | $2,399,990.00 | Balances insufficient in account to process wire transfer. |
| F2S050516890700900 | 5/16/2005 | Palestine Monetary Authority | Palestine Investment Bank | $649,990.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| F2S050516052790O | 5/16/2005 | Union Bank for Sav. And Investment Arab Islamic Bank | Palestine Monetary Authority | $450,000.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| F2S050516848380O | 5/16/2005 | Ramallah, West bank | Palestine Monetary Authority | $533,000.00 | Stop payment instruction issued. Funds suspended to 8900430427 |

| | | | PMA Located in Details of Payment | | |
|---|---|---|---|---|---|
| FDF050516088400O | 5/16/2005 | US Bank NA | 05152005 ACCT GLA 111 566 FFC J PRETSL II COLLECTION ACCT 759350 PMA CAPITAL FLOATING RATE CAPITAL SECUR 6934399Y9 | $298,277.69 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS 050516028390O | 5/16/05 | Ministry of Finance, Gaza, PNA 15869 | Embassy of the State of Palestine, Sofia | $3,650.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS 050516028630O | 5/16/05 | Ministry of Finance, Gaza, PNA 15774 | Embassy of the State of Palestine | $2,817.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050516026840O | 5/16/05 | Ministry of Finance, Gaza, PNA 1688 | Mission to the United Nation | $15,357.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050516026900O | 5/16/05 | Ministry of Finance, Gaza, PNA: 15918 | Mission to the United Nation | $14,960.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050516027430O | 5/16/05 | Ministry of Finance, Gaza, PNA 4925 | Embassy of the State of Palestine, Sofia | $8,600.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050516028380O | 5/16/05 | Ministry of Finance, Gaza, PNA 15953 | Embassy of the State of Palestine, Malta | $3,769.00 | Stop payment instruction issued. Funds suspended to 8900430427 |

| | | | | |
|---|---|---|---|---|
| FTS0505168284400 | 5/16/05 | Ministry of Finance, Gaza, PNA 15925 | Mission Especial De Palestina Colombia | $3,582.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS0505168284500 | 5/16/05 | Ministry of Finance, Gaza, PMA 15775 | Abassade De Palestine-Conakry Guinee | $3,096.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS0505168284600 | 5/16/05 | Ministry of Finance, Gaza, PNA 15901 | Palestine Embassy In Argentina, Hani Suhail Daher Akel | $3,167.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS0505168285200 | 5/16/05 | Ministry of Finance, Gaza, PNA 15767 | Embassy of the State of Palestine | $2,075.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS0505168288400 | 5/16/05 | Ministry of Finance, Gaza, PNA 15787 | PLO Office-Pakistan | $2,050.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS0505168292800 | 5/16/05 | Ministry of Finance, Gaza, PNA 15770 | Embaizada Da Palestina | $1,800.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS0505168293000 | 5/16/05 | Ministry of Finance, Gaza, PNA 15790 | Saher M.H.A. | $1,800.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS0505168297000 | 5/16/05 | Ministry of Finance, Gaza, PNA: 5636 | Ghalab Darabya | $1,350.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS0505168300700 | 5/16/05 | Ministry of Finance, Gaza, PNA 18251 | Ghalyeh ATA Abdelqader | $1,000.00 | Stop payment instruction issued. Funds suspended to 8900430427 |

| Reference | Date | Originator | Beneficiary | Amount | Status |
|---|---|---|---|---|---|
| F2S0501747S2100 | 5/17/2005 | Palestine Monetary Authority Palestine Monetary Authority | Egyptian Arab Land Bank | $184,990.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| F2S05051747S2200 | 5/17/2005 | Palestine Monetary Authority | Jordan National Bank | $300,000.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| F2S05051747S2400 | 5/17/2005 | Palestine Monetary Authority | Bank of Jordan Ltd | $10,000,000.00 | Balances insufficient in account to process wire transfer. |
| F2S0505175578500 | 5/17/2005 | Union Bank for Sav. And Investment | Palestine Monetary Authority | $500,000.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FDCA05051722192 00 | 5/17/2005 | Fortis Bank (Belgium) | Palestine Monetary Authority | $10,005,833.33 | Stop payment instruction issued. Funds suspended to 8900430427 |
| F2S05051743251 00 | 5/17/2005 | Cairo Amman Bank Ramallah, West Bank Palestine | Palestine Monetary Authority | $9,630,000.00 | Cancelled due to incomplete wire instructions. |
| FTS0505172063300 | 5/18/2005 | Palestine National Fund | Ambassade De Palestine | $9,322.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS0505195739400 | 5/19/2005 | Palestine Investment Fund | Democracy/ Council | $55,192.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS0505232314468 00 | 5/23/2005 | Palestine National Fund | Embassy of the State of Palestine | $600.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS0505257346100 | 5/25/2005 | Palestinian National Authority | International Development Partners and Associates, IDPA | $1,999.39 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS0505306003300 | 5/30/05 | Ministry of Finance, PNA 15905 | PLO-Norway | $9,672.00 | Stop payment instruction issued. Funds suspended to 8900430427 |

| | | | | |
|---|---|---|---|---|
| FTS050531865S100 | 5/31/2005 | Palestinian National Authority, Ministry of Finance a/c 93 PNA 21324, Gaza | Palestine Embassy/Ukraine Zaqot Walld AA | $4,600.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FDC050531261480O | 5/31/05 | Arab Fund, Kuwait | Arab Bank Ramallah Branch Ramallah Palestine, FAVRG.AC No. 9110-450004-0/510 of PECDAR | $59,988.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050531847360O | 5/31/2005 | Ministry of Finance, Gaza, PNA 21307 | Mission to the United Nation | $14,940.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050531903050O | 5/31/05 | Ministry of Finance, Gaza, PNA 21314 | Embassy of the State of Palestine-Malta | $3,771.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050531903390O | 5/31/05 | Ministry of Finance, Gaza, PNA 21304 | Mission Especial De Palestina Colombia | $3,581.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050531903750O | 5/31/05 | Ministry of Finance, Gaza, PNA 21283 | Palestine Embassy in Argetina Hani Suhail Daher Akel | $3,167.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050531903920O | 5/31/05 | Ministry of Finance, Gaza, PMA 21120 | Ambassade De Palestine-Conakry Glunee | $3,096.00 | Stop payment instruction issued. Funds suspended to 8900430427 |

| | | | | |
|---|---|---|---|---|
| FTS05053190404300 | 5/31/05 | Ministry of Finance, Gaza, PNA 21114 | Embassy of the of Palestine Abidjan | $2,942.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS05053190444300 | 5/31/2005 | Ministry of Finance, Gaza, PNA 21333 | Embassy of the State of Palestine China | $2,666.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS05053190493300 | 5/31/05 | Ministry of Finance, Gaza, PNA 21214 | PLO Office- Pakistan | $2,050.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS05053190522200 | 5/31/05 | Ministry of Finance, Gaza, PNA 21323 | Embassy of the State of Palestine Sofia | $1,850.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS05053190533500 | 5/31/05 | Ministry of Finance, PNA 21212, Gaza | Saher M.H.A. | $1,800.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS05053190599300 | 5/31/05 | Ministry of Finance, Gaza, PNA 21335 | Embassy of the State of Palestine Al Bania | $1,450.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS05053190599600 | 5/31/05 | Ministry of Finance, Gaza, PNA 21308 | Ghales Derabya USA | $1,350.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS05060247448000 | 6/2/2005 | Palestine National Fund | Mission to the United Nation New York | $1,200.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS05060248643000 | 6/2/2005 | Ministry of Finance, Gaza, PNA 22426 | Embassy of the State of Palestine | $5,086.00 | Stop payment instruction issued. Funds suspended to 8900430427 |

| Reference | Date | Originator | Beneficiary | Amount | Status |
|---|---|---|---|---|---|
| FTS050502486800 | 6/2/2005 | Ministry of Finance, Gaza, PNA 22408 | Embassy of the of Palestine Abidjan | $5,527.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050603656300 | 6/3/2005 | Palestinian National Authority, Ministry of Finance a/c 93, PNA 22491 Gaza | Palestine Embassy/Ukraine Zaqot Walid AA | $9,498.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050603594100 | 6/3/2005 | Ministry of Finance, Gaza, PNA 22476 | Embassy of the State of Palestine Jakarta | $7,493.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FTS050603594200 | 6/3/2005 | Ministry of Finance, Gaza, PNA 22485 | PLO Office-Pakistan | $6,595.00 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FGV551454660800 | 6/7/2005 | Palestine Monetary Authority | Union Bank for Savings and Investment, Ramallah | EUR 39,994.25 | Stop payment instruction issued. Funds suspended to 8900430427 |
| FDC0506090541900 | 6/9/2005 | Palestinian National Authority | The Cairo Amman Bank, Amman, Jordan | $792.00 | Stop payment instruction issued. Funds suspended to 8900430427 |

**8900430427 - FTD Regulatory & Comp, Legal Other Suspense Account

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------ X
                                            :

PALESTINE MONETARY AUTHORITY,     :    Index No.  107777/05

                       Plaintiff,     :    **AFFIRMATION OF SERVICE**

-against-     :

DAVID STRACHMAN, et al.,     :

                       Defendants.     :

------------------------------------------------ X
                                              :

DAVID STRACHMAN, et al.,     :    Index No. 105521/05

                       Plaintiff,     :

-against-     :

THE PALESTINIAN AUTHORITY, et al.,     :

                       Defendants.     :

------------------------------------------------ X

        I, Cem Ozer, Esq., an attorney duly admitted to practice law before the Courts of

the State of New York, hereby affirm under the penalty of perjury that on July 18, 2005, I

caused the within PALESTINE MONETARY AUTHORITY'S ANSWER TO THE

COUNTERCLAIMS AND CROSS-CLAIMS and FIRST AMENDED COMPLAINT to

be served upon the following:

         Robert J. Tolchin, Esq.
         JAROSLAWICZ & JAROS
         150 Williams Street, 19th Floor
         New York, NY 10038
         *Attorneys for Defendant*
         *David Strachman, as Administrator*
         *For the Estates of Yaron Ungar and*
         *Erfat Ungar, and the additional*
         *Counterclaim and Cross-Claim Plaintiffs*

EMMET, MARVIN & MARTIN, LLP
120 Broadway
New York, NY 10286
*Attorneys for Defendant*
*The Bank of New York Company, Inc.*

by depositing a true copy of the same enclosed in a post-paid properly addressed wrapper in a Post Office / official depository under the exclusive care and custody of the U.S. POSTAL SERVICE within New York State.

Dated: New York, New York
        July 18, 2005

                                    BUSHELL & VALLIERE LLP

                                    By:
                                        Victor C. Bushell
                                        Cem Ozer
                                        60 East 42ⁿᵈ Street
                                        Suite 2925
                                        New York, New York 10165
                                        212-949-4700
                                        *Attorneys for Plaintiff*
                                        *Palestine Monetary Authority*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
                                                :     Index No. 107777/05

PALESTINE MONETARY AUTHORITY,        :

                                                :

                         Plaintiff,      :

-against-                                    :

DAVID STRACHMAN, et al.,           :

                                              :

                        Defendants.    :
-------------------------------------------------------------------x

DAVID STRACHMAN, et al.,           :     Index No. 105521/05

                                                :

                         Plaintiff,      :

-against-                                    :

THE PALESTINIAN AUTHORITY, et al.,     :

                                              :

                        Defendants.    :
-------------------------------------------------------------------x

## FIRST AMENDED COMPLAINT

**BUSHELL & VALLIERE LLP**
**60 EAST 42nd STREET**
**SUITE 2925**
**NEW YORK, NEW YORK 10165**
**212-949-4700**
*ATTORNEYS FOR PALESTINE MONETARY AUTHORITY*