At a stated term of IAS Part 54 of the
Supreme Court of the State of
New York, County of New York,
held at 111 Centre Street,
Room 1229, New York, New York
on the 18th day of April, 2007

Present: Hon. Shirley Werner Kornreich, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
PALESTINE MONETARY AUTHORITY,

        Plaintiff-Counterclaim Defendant,

    v.

DAVID STRACHMAN, as administrator of the
ESTATE OF YARON UNGAR, et al.,

        Defendants-Counterclaim Plaintiffs.
-----------------------------------------------------------------X
DAVID STRACHMAN, as administrator of the
ESTATE OF YARON UNGAR, et al.,

        Plaintiff-Judgment Creditors,

    v.

THE PALESTINIAN AUTHORITY, et al.,

        Defendants-Judgment Debtors.
-----------------------------------------------------------------X

Index No: 107777/05

**ORDER TO SHOW CAUSE
VIA EMERGENCY
AFFIRMATION**

Justice Shirley W. Kornreich

Index No: 105521/05

Upon the annexed Decision and Order entered April 10, 2007; the Emergency Affirmation of Scott R. Emery dated April 18, 2007; the Affirmation of Scott R. Emery dated April 18, 2007 and the exhibits annexed thereto; and all prior pleadings and proceedings in this action, let David J. Strachman and Robert J. Tolchin show cause before this Court at IAS Part 54, 111 Centre Street, Room 1229, on April 19, 2007 at 2:15, or as soon thereafter as counsel may be heard, why an Order should not be made and entered herein i) requiring

Messrs. Strachman and Tolchin to withdraw the restraining notice served on the Bank of New York ("BONY") in *Knox v. Palestinian Authority*, 03 Civ. 4466 (VM)(THK) (S.D.N.Y); ii) prohibiting Messrs. Strachman and Tolchin from attempting to circumvent the Court's Order dated April 2, 2007 granting the PMA summary judgment; iii) requiring BONY to immediately release the funds pursuant to UCC Article 4 and per the Court's April 2, 2007 Order and iv) sanctioning Messrs. Strachman and Tolchin for their frivolous conduct in attempting to circumvent the Court's April 2, 2007 Order by refusing to withdraw the restraining notice in *Knox*.

IT IS FURTHER ORDERED that answering papers, if any, shall be served by hand delivery on Lynch Daskal Emery LLP, attorneys for the Palestine Monetary Authority, at their offices located at 264 West 40th Street, 18th Floor, New York, New York 10018 on or before April ___, 2007; and

IT IS FURTHER ORDERED that service of a copy of this Order, together with the papers upon which it is based, shall be made upon the defendants-counterclaim plaintiffs (Mr. Strachman being included) by hand to their counsel, Robert J. Tolchin, at Jaroslawicz & Jaros, 150 William Street, 19th Floor, New York, New York 10038 on or before April __, 2007, and to the Bank of New York by hand to their counsel Kenneth M. Bialo, Esq., at Emmet, Marvin & Martin, LLP, 120 Broadway, 32nd Floor, New York, New York 10271, which shall constitute good and sufficient service.

ENTER:

SHIRLEY WERNER KORNREICH
J.S.C.

LYNCH DASKAL EMERY LLP
264 West 40th Street
New York, New York 10018
(212) 302-2400

KALBIAN HAGERTY LLP
888 17th Street, N.W., Suite 1000
Washington, D.C. 20006
(202) 223-5600

*Attorneys for Plaintiff-Counterclaim Defendant Palestine Monetary Authority*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
PALESTINE MONETARY AUTHORITY,

                           Plaintiff-Counterclaim Defendant,

                           v.

DAVID STRACHMAN, as administrator of the
ESTATE OF YARON UNGAR, *et al.*,

                           Defendants-Counterclaim Plaintiffs.

: Index No: 107777/05
:
: **EMERGENCY**
: **AFFIRMATION OF**
: **SCOTT R. EMERY IN**
: **SUPPORT OF PLAINTIFF'S**
: <u>**ORDER TO SHOW CAUSE**</u>
:
: Justice Shirley W. Kornreich

-----------------------------------------------------------------X
DAVID STRACHMAN, as administrator of the
ESTATE OF YARON UNGAR, *et al.*,

                           Plaintiff-Judgment Creditors,

                           v.

THE PALESTINIAN AUTHORITY, *et al.*,

                           Defendants-Judgment Debtors.

: Index No: 105521/05

-----------------------------------------------------------------X

       SCOTT R. EMERY, an attorney duly admitted to practice in the courts of the State of New York, hereby affirms under penalty of perjury that the following is true:

       1.      I am a member of Lynch Daskal Emery LLP, attorneys for the Palestine Monetary Authority ("PMA"), plaintiff and counterclaim-defendant in the above-captioned action. I make

this application for emergency treatment of the PMA's requested order to let David J. Strachman and Robert J. Tolchin show cause why an order should not be made and entered i) requiring David J. Strachman and Robert J. Tolchin to withdraw the restraining notice served on the Bank of New York ("BONY") in *Knox v. Palestinian Authority*, 03 Civ. 4466 (VM)(THK) (S.D.N.Y.); ii) prohibiting Messrs. Strachman and Tolchin from attempting to circumvent the Court's Order dated April 2, 2007 granting the PMA summary judgment; iii) requiring BONY to immediately release the funds pursuant to UCC Article 4 and per the Court's April 2, 2007 Order; and iv) sanctioning Messrs. Strachman and Tolchin for their frivolous conduct in attempting to circumvent the Court's April 2, 2007 Order by refusing to withdraw the restraining notice in *Knox*.

2.  As set forth in the accompanying affirmation of Scott R. Emery dated April 18, 2007 and supporting exhibits ("Emery Aff."), Messrs. Strachman and Tolchin, counsel for the defendants-counterclaim plaintiffs, have made clear their intention to thwart this Court's April 2, 2007 Order releasing the PMA funds at issue. That order declared that the PMA "is a separate juridical entity from the Palestinian Authority and the money in its name, <u>restrained by the Bank of New York, should be released</u>." Emery Aff, Ex. A at 19 (emphasis added).[1]

3.  The Court granted the PMA's motion for summary judgment "to the extent of dismissing the portion of the crossclaim seeking turnover of funds belonging to the Palestine Monetary Authority..." Emery Aff., Ex. A at 18-19.

4.  On April 8, 2007, after receiving notice that the Court granted the PMA summary judgment in the instant proceeding with respect to the funds held by BONY, counsel for the Strachman Parties informed PMA counsel that the PMA funds at BONY remained restrained by

---

[1] A copy of the unfiled Decision and Order was served on counsel for BONY on April 6, 2007. A Notice of Entry of this Decision and Order was served on counsel for defendants-counterclaim plaintiffs and BONY on April 10, 2007 and is attached to the Emery Aff. as Exhibit B.

2

an execution/restraining notice recently served on BONY in the *Knox* matter.[2] The *Knox* plaintiffs are represented by David J. Strachman and Robert J. Tolchin.

5.  Mr. Tolchin informed counsel that he would "conduct some consultations regarding whether the Knox plaintiffs intend to stand on their execution/restraining notice, and to proceed against these funds." He further stated, "I expect to be able to inform you of the position of the Knox plaintiffs by no later than Monday, April 16, 2007." Emery Aff. ¶7 and Ex. B.

6.  As detailed in the Emery Aff., on April 10, 2007, counsel for the PMA contacted request that Mr. Tolchin immediately withdraw the Knox restraining notice. Emery Aff. ¶8. After a lengthy email exchange, the PMA, acting in good faith, agreed to afford Mr. Tolchin until April 16, 2007 to withdraw the *Knox* restraining notice before seeking court intervention.

7.  On April 16, 2007, Mr. Tolchin requested more time to respond the PMA's "until most likely" April 18, 2007. Emery Aff. ¶11 and Ex. I. In their April 16, 2007 reply, PMA counsel informed Mr. Tolchin that it could not tolerate any further delay and would afford Mr. Tolchin until 12:00 p.m. eastern standard time the next day, April 17, 2007, to withdraw the restraining notice, until seeking emergent relief from the Court. Emery Aff. ¶12 and Ex. J.

8.  On the morning of April 17, 2007, Mr. Tolchin informed PMA counsel via email that "as far as the Knoxes are concerned, the PMA can resume its dollar clearance activities this morning. If you want that enshrined in an order, send a stip…As far as the funds currently held by BNY are concerned, we will definitely have a final answer for you today (although not necessarily at high noon, as you demand)." Emery Aff. ¶13 and Ex. K.

---

[2] On July 11, 2006, United States District Judge Victor Marrero ordered that the Clerk of Court enter judgments against defendants Palestine Organization and Palestinian Authority in the amount of $192,740,660.13. The court entered a Writ of Execution as to the Palestine Liberation Organization and the Palestinian Authority on February 14, 2007.

9. The next day, Mr. Tolchin informed the PMA that "the Knox plaintiffs will be seeking turnover of the PA/PMA funds held by BNY. Their turnover action should be filed in the next few days." Emery Aff. ¶14 and Ex. L.

10. Plaintiff seeks emergency treatment of the accompanying Order to Show Cause to enforce this Court's April 2, 2007 Order for two reasons. First, this Court's Order is being ignored. BONY has not released the funds that the Court ordered be released. In fact, Messrs. Strachman and Tolchin, via service of the wrongful *Knox* restraining notice to BONY and refusal to withdraw it, are simultaneously using two court proceedings to circumvent this Court's Order and are, in effect, trying to take "two bites of the apple" to restrain the very same funds that this Court has unequivocally ruled may not be restrained. The *res judicata* effect of this Court's Order should be immediately enforced, not flouted.

11. Second, nearly two years have passed since the PMA first discovered that approximately $30 million in funds had been frozen. Now that this Court has ordered the funds to be released, the Strachman Parties' tactics have once again improperly inhibited the PMA's ability to conduct monetary transactions in the United States, caused it to needlessly lose critical interest income, and severely impacted the PMA's ability to resume effectively serving as the Palestinian Territories' much needed central bank.

12. Third, the PMA is concerned that should this Order not be made, Messrs. Strachman and Tolchin will continue to utilize the same schemes to procure future PMA funds.

13. Without this emergency order, the PMA reasonably fears that Messrs. Strachman and Tolchin will continue to cause irreparable damage to the PMA's business and reputation, not to mention to the region directly served by the PMA.

14.  In view of the above circumstances, we urgently request, on behalf of the PMA, that the application be processed on an emergency basis, without a waiting period.

Dated: April 18, 2007
      New York, New York

_____
SCOTT R. EMERY

LYNCH DASKAL EMERY LLP
264 West 40th Street
New York, New York 10018
(212) 302-2400

KALBIAN HAGERTY LLP
888 17th Street, N.W., Suite 1000
Washington, D.C. 20006
(202) 223-5600

*Attorneys for Plaintiff-Counterclaim Defendant Palestine Monetary Authority*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
PALESTINE MONETARY AUTHORITY,               :
                                            : Index No: 107777/05
        Plaintiff-Counterclaim Defendant,   :
                                            : **AFFIRMATION OF**
    v.                                      : **SCOTT R. EMERY IN**
                                            : **SUPPORT OF PLAINTIFF'S**
DAVID STRACHMAN, as administrator of the    : **ORDER TO SHOW CAUSE**
ESTATE OF YARON UNGAR, *et al.*,            :
                                            : Justice Shirley W. Kornreich
        Defendants-Counterclaim Plaintiffs. :
------------------------------------------------------------------X
DAVID STRACHMAN, as administrator of the    :
ESTATE OF YARON UNGAR, *et al.*,            : Index No: 105521/05
                                            :
        Plaintiffs-Judgment Creditors,      :
                                            :
    v.                                      :
                                            :
THE PALESTINIAN AUTHORITY, *et al.*,        :
                                            :
        Defendants-Judgment Debtors.        :
------------------------------------------------------------------X

    SCOTT R. EMERY, an attorney duly admitted to practice in the courts of the State of

New York, hereby affirms under penalty of perjury that the following is true:

    1.    I am a member of Lynch Daskal Emery LLP, attorneys for the Palestine Monetary

Authority ("PMA"), plaintiff and counterclaim-defendant in the above-named action. I make

this application for emergency treatment of the PMA's requested order to let David J. Strachman and Robert J. Tolchin show cause why an order should not be made and entered i) requiring David J. Strachman and Robert J. Tolchin to withdraw the restraining notice served on the Bank of New York ("BONY") in *Knox v. Palestinian Authority*, 03 Civ. 4466 (VM)(THK) (S.D.N.Y.); ii) prohibiting Messrs. Strachman and Tolchin from attempting to circumvent the Court's Order dated April 2, 2007 granting the PMA summary judgment; iii) requiring BONY to immediately release the funds pursuant to UCC Article 4 and per the Court's April 2, 2007 Order; and iv) sanctioning Messrs. Strachman and Tolchin for their frivolous conduct in attempting to circumvent the Court's April 2, 2007 Order by refusing to withdraw the restraining notice in *Knox*.

2. On April 2, 2007, the Court issued a Decision and Order that addressed, among other things, the PMA's motion for summary judgment. (A true and complete copy of the Order, with Notice of Entry, is attached hereto as Exhibit A.) The Court declared that the PMA "is a separate juridical entity from the Palestinian Authority" and ordered that "<u>the money in its name, restrained by the Bank of New York, should be released.</u>" Ex. A at 19 (emphasis added).[1]

3. The Court granted the PMA's motion for summary judgment "to the extent of dismissing the portion of the crossclaim seeking turnover of funds belonging to the Palestinian Monetary Authority..." *Id.* at 18-19.

I. **The Funds Ordered By This Court To Be Released Remain Frozen**

4. On April 8, 2007, after receiving notice that the Court granted the PMA summary judgment in the instant proceeding with respect to the funds held by BONY, counsel for the Strachman Parties informed PMA counsel that the PMA funds at BONY remained restrained by

---

[1] A copy of the unfiled Decision and Order was served on counsel for BONY on April 6, 2007. A copy of the Order with notice of entry was served on counsel for defendants-counterclaim plaintiffs and BONY on April 10, 2007.

2

an execution/restraining notice recently served on BONY in the *Knox* matter.[2] (A copy of the email from Robert J. Tolchin to Haig V. Kalbian dated April 8, 2007 is attached as Exhibit B.) The *Knox* plaintiffs are represented by David J. Strachman and Robert J. Tolchin.[3]

5. Because the restraining notice served in the *Knox* matter ("*Knox* restraining notice") is not available through the Clerk's office or through the federal PACER system, PMA counsel asked Mr. Tolchin's office on several occasions for a copy. Mr. Tolchin has not produced it.[4]

6. The same day, Mr. Strachman acknowledged to the media that the funds were in fact not yet released and remain frozen and stated, "There are several more steps to go, and we have other mechanisms" [in place to pursue the case]. *See* Reuters, *Lawyer: PA funds in N.Y. still frozen, despite court ruling* (Apr. 8, 2007), a copy of which is attached as Exhibit D.

7. In his April 8, 2007 email, Mr. Tolchin informed counsel that he would "conduct some consultations regarding whether the Knox plaintiffs intend to stand on their execution/restraining notice, and to proceed against these funds." He further stated, "I expect to be able to inform you of the position of the Knox plaintiffs by no later than Monday, April 16, 2007." Ex. B.

8. On April 10, 2007, counsel for the PMA requested that Mr. Tolchin withdraw the *Knox* restraining notice immediately. We noted, "If BNY does not allow the PMA to resume

---

[2] On July 11, 2006, United States District Judge Victor Marrero ordered that the Clerk of the Court enter judgments against defendants Palestine Organization and Palestinian Authority in the amount of $192,740,660.13. The court entered a Writ of Execution as to the Palestine Liberation Organization and the Palestinian Authority on February 14, 2007.

[3] Because Messrs. Strachman and Tolchin are counsel for the *Knox* plaintiffs, the *Knox* plaintiffs have received notice of this Court's April 2, 2007 Order and will receive notice of the Order to Show Cause sought here if the Court issues it.

[4] A copy of the PACER docket sheet is attached as Exhibit C. Counsel for the PMA has also asked BONY counsel on several occasions for a copy of the *Knox* restraining notice. BONY counsel indicated that they could not locate a copy. To date, the PMA has not received a copy of the restraining notice from either BONY or Mr. Tolchin.

3

clearance transactions forthwith, we will pursue all available legal remedies to ensure that your attempts to interfere with the PMA and circumvent Justice Kornreich's order are finally stopped." *See* April 10, 2007 email from Haig V. Kalbian to Robert J. Tolchin, a copy of which is attached as Exhibit E.

9. On April 11, 2007, Mr. Tolchin informed PMA counsel that "we are conducting consultations about whether the Knoxes will move forward with a turnover proceeding, or withdraw the restraining notice...We should have an answer for you by April 16, as I told you previously." *See* April 11, 2007 email from Robert J. Tolchin to Haig V. Kalbian, a copy of which is attached as Exhibit F.

10. It is the PMA's grounded belief that Mr. Tolchin sought to delay any action by the PMA vis-à-vis the *Knox* restraining notice until April 16 not because he was genuinely considering withdrawing the *Knox* restraining notice, but rather because he planned to be out of the country until that date. *See* April 12, 2007 email from Haig V. Kalbian to Robert J. Tolchin, a copy of which is attached as Exhibit G and April 4, 2007 email from Robert J. Tolchin to Haig V. Kalbian, a copy of which is attached as Exhibit H; *see also* ¶¶ 14-15 below. Nonetheless, the PMA gave Mr. Tolchin the benefit of the doubt and allowed him until April 16, 2007 to inform the PMA whether he would withdraw the *Knox* restraining notice served on BONY. *See* Ex. G.

11. On Monday, April 16, 2007, Mr. Tolchin informed the PMA that "because of [a] travel delay it seems I won't be able to get back to you on that until most likely Wednesday." *See* April 16, 2007 email from Robert J. Tolchin to Haig V. Kalbian, a copy of which is attached as Exhibit I. Counsel for the PMA replied to Mr. Tolchin stating that if Mr. Tolchin were "genuinely planning to consult with anyone about the *Knox* restraining notice, you could have

4

done so by phone or electronic means...both of which are readily available in Israel. In fact, you could do the same today, tonight or tomorrow morning." *See* April 16, 2007 email and fax from Premila K. Reddy to Robert J. Tolchin, forwarding the reply from Haig V. Kalbian, a copy of which is attached as Exhibit J.

12. The PMA, acting in good faith, had already afforded Mr. Tolchin six days in which to give reply regarding defendants' position with regard to the *Knox* restraining notice before seeking court intervention. For Mr. Tolchin to seek further delay was unconscionable. Thus, in our April 16, 2007 correspondence, PMA counsel informed Mr. Tolchin that it could not tolerate any further delay and would afford Mr. Tolchin until 12:00 p.m. eastern standard time the next day, April 17, 2007, to provide us with a response. PMA counsel noted, "If we do not hear from you by then that you will in fact be withdrawing the restraining notice, we will seek emergent relief from the Court." *See id.*

13. On the morning of April 17, 2007, Mr. Tolchin informed PMA counsel via email that "What we have concluded so far is that the Knoxes are prepared, without prejudice to whatever other claims they may advance, to permit the PMA to conduct its dollar clearance activities without restraint, effective immediately. We will agree to modify the writ of execution served on BNY accordingly. If you are in a big hurry, send over a draft stip modifying the writ of execution this morning. I suggest you run it by BNY's counsel Ken Bialo, who will surely have comments and may also want to sign on. Thus, as far as the Knoxes are concerned, the PMA can resume its dollar clearance activities this morning. If you want that enshrined in an order, send a stip. <u>As far as the funds currently held by BNY are concerned, we will definitely have a final answer for you today (although not necessarily at high noon, as you demand).</u>" *See* April 17, 2007 email from Robert J. Tolchin to Haig V. Kalbian, a copy of which is attached as

5

Exhibit K (emphasis added). Contrary to Mr. Tolchin's assurance, he did not give the PMA an answer by the end of that day.

14. On April 18, 2007, Mr. Tolchin informed PMA counsel that "I write as a courtesy to inform you that the Knox plaintiffs will be seeking turnover of the PA/PMA funds held by BNY. Their turnover action should be filed in the next few days." *See* April 18, 2007 email from Robert J. Tolchin to Haig V. Kalbian, a copy of which is attached as Exhibit L. (Emphasis added.)

15. Given the content and timing of Mr. Tolchin's April 18, 2007 email, it appears that Mr. Tolchin's delay in responding to the PMA regarding his intentions to lift the Knox restraining order was occasioned not by his need to "conduct consultations" with his clients, but to prepare other papers to effect the circumvention of this Court's Order.

16. It is the PMA's position that if it resumes transactions, the possibility that Messrs. Tolchin and Strachman may file yet another restraining notice is very strong. The PMA, therefore, now moves this Court for emergency relief.

II. **The Court Should Issue The Order Requested By The PMA**

17. As was the case in the *Ungar* action underlying this matter, the PMA is not a defendant in *Knox*. Not surprisingly, however, Messrs. Strachman and Tolchin are attempting to utilize the same tactics they employed here to wrongfully restrain PMA funds held by BONY, again by falsely stating that the PMA is an *alter ego* of named defendants.[5]

18. As detailed in the accompanying Emergency Affirmation, the PMA seeks emergency treatment of the accompanying Order to Show Cause to enforce this Court's April 2,

---

[5] The named defendants in *Knox* are The Palestine Liberation Organization, the Palestinian Authority (aka "The Palestinian Interim Self-Government Authority" and/or "The Palestinian Council" and/or "The Palestinian National Authority"), Yasser Arafat, Marwan Barghouti, Nasser Awis, Ziad Muhammad Daas, Estate of Abdel Salam Sadek Hassuna, deceased and John Does 1-99. The Court will note that several of these defendants were named in the instant action.

2007 Order for two reasons. First, this Court's Order is being ignored. BONY has not released the funds that the Court ordered be released. In fact, Messrs. Strachman and Tolchin, via service of the wrongful *Knox* restraining notice to BONY and refusal to withdraw it, are simultaneously using two court proceedings to circumvent this Court's Order and are, in effect, trying to take "two bites of the apple" to restrain the very same funds that this Court has unequivocally ruled may not be restrained. The *res judicata* effect of this Court's Order should be immediately enforced, not flouted.

19. Second, nearly two years have passed since the PMA first discovered that approximately $30 million in funds had been frozen. Now that this Court has ordered the funds to be released, the Strachman Parties' tactics have once again improperly inhibited the PMA's ability to conduct monetary transactions in the United States, caused it to needlessly lose critical interest income, and severely impacted the PMA's ability to resume effectively serving as the Palestinian Territories' much needed central bank.

20. Third, the PMA is concerned that should this Order not be made, Messrs. Strachman and Tolchin will continue to utilize the same schemes to procure future PMA funds.

### III. The Bank Of New York Will Continue To Restrain The Funds Until The *Knox* Restraining Notice Is Lifted

21. On April 11, 2007, I telephoned Kenneth M. Bialo, counsel for BONY to discuss BONY's position with respect to the restrained funds, particularly given the Court's decision regarding UCC Article 4. Mr. Bialo noted that he would look into the UCC Article 4 issue and stated that unless the restraining notice is withdrawn or BONY is ordered to do otherwise, BONY will continue to act as if it were bound by the *Knox* restraining notice.

7

### IV. Contrary To The Contentions Of Defense Counsel, The PMA Was Unaware Of The *Knox* Restraining Notice Until After The April Order Was Issued

22. Incidentally, Mr. Tolchin's contention that PMA counsel "ha[d] known about the Knox restraining notice for some time without saying or doing anything about it" is patently false. See Ex. E (April 11, 2007 email from Robert J. Tolchin to Haig V. Kalbian). Contrary to Mr. Tolchin's declaration, the PMA was *not* aware of the Knox restraining notice until it received Mr. Tolchin's April 8, 2007 stating "I note however that the PMA funds at BNY remain restrained by an execution/restraining notice served on BNY recently in the matter of Knox v. Palestinian Authority, 03 Civ. 4466 (VM)(THK) (S.D.N.Y)." *See* Ex. B; *see also* Ex. G. That Mr. Tolchin only informed the PMA on April 8, 2007 – *after* the Court had issued the April 2, 2007 Order – that Messrs. Strachman and Tolchin had served the February 14, 2007 *Knox* restraining notice on BONY raises serious doubts as to Messrs. Strachman's and Tolchin's good faith.

### V. Conclusion

23. For these reasons, the PMA asks this Court to issue an Order to let David J. Strachman and Robert J. Tolchin show cause why an order should not be made and entered i) requiring David J. Strachman and Robert J. Tolchin to withdraw the restraining notice served on the Bank of New York ("BONY") in *Knox v. Palestinian Authority*, 03 Civ. 4466 (VM)(THK) (S.D.N.Y); ii) prohibiting Messrs. Strachman and Tolchin from attempting to circumvent the Court's Order dated April 2, 2007 granting the PMA summary judgment; iii) requiring BONY to immediately release the funds pursuant to UCC Article 4 and per the Court's April 2, 2007 Order; and iv) sanctioning Messrs. Strachman and Tolchin for their frivolous conduct in attempting to circumvent the Court's April 2, 2007 Order by refusing to withdraw the restraining notice in *Knox*.

## VI. No Prior Application For The Relief Sought Herein Has Been Made To This Court

24.     No prior application for the relief sought herein has been made to this Court with regard to the defendants-counterclaim plaintiffs' noncompliance with the April 2, 2007 Order of the Court or to the effects of the *Knox* restraining notice.

Dated: April 18, 2007
      New York, New York

                                                                           SCOTT R. EMERY