Law Offices of

# JAROSLAWICZ & JAROS

150 William Street, 19th Floor
New York, New York 10038

(212) 227-2780

David Jaroslawicz
Jory, H. & Ca Bars
Abraham Jaros

**Robert J. Tolchin**
Of Counsel
rjt@tolchinlaw.com

### URGENT

May 10 2007

<u>VIA FAX 212-805-6382</u>

The Honorable Victor Marrero
United States District Court for the
Southern District of New York
United States Courthouse
40 Centre Street - Room 414
New York, New York 10007-1581

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-10-07
```

Re:  Request for two week enlargement of time to oppose Order to Show
     Cause served on May 9, 2007
     <u>Knox v. The Bank of New York</u>, 07-CV-3349

Dear Judge Marrero,

     We represent the plaintiffs/judgment creditors ("Knoxes") in the above-referenced action, which is a supplemental proceeding to enforce the judgment entered by Your Honor against the Palestinian Authority ("PA") under the Antiterrorism Act in <u>Knox v. The Palestine Liberation Organization et al.</u>, 03-CV-4466 (VM).

JAROSLAWICZ & JAROS                          May 10, 2007
                                             Page 2 of 6

Late yesterday we received an Order to Show Cause ("OSC") in this matter, returnable on May 18, 2007 at 11:45 am and requiring the submission of the Knoxes' responsive brief by May 15, 2007, i.e. within four business days.

The OSC was filed by the Palestine Monetary Authority ("PMA"), which is "the financial department of the PA." *Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 51 (D.R.I. 2004).

The OSC seeks on a purported emergency basis to have this Court (a) permit the PMA intervene in the above-referenced action, (b) dismiss the above-referenced action, and (c) vacate a writ of execution served on the Bank of New York on February 17, 2007, under the Knoxes' judgment.

Immediately upon receipt of the PMA's papers late yesterday, I attempted to negotiate a two-week enlargement with opposing counsel, suggesting that our papers be filed by May 29 and argument be rescheduled to June 1, a schedule that would give us the time we need to oppose the motion, and also accommodate the Memorial Day Weekend, the Jewish holiday of Shavuot on May 23-24, and other professional and personal commitments of counsel. The PMA's counsel refused to agree to my proposed schedule or any other enlargement.

### A Two-Week Enlargement is Necessary and Appropriate

An enlargement of the Knoxes' time to file opposition papers until May 29 (with argument as soon thereafter as is convenient for the Court) is necessary and appropriate for the following reasons:

1.  Both David Strachman and I have separate, longstanding, scheduling conflicts in New York and Rhode Island on the May 18 return date, and cannot appear on that day.

JAROSLAWICZ & JAROS                           May 10, 2007
                                              Page 3 of 6

  2. The PMA's OSC is a tripartite motion, combining a motion to intervene, a motion to vacate the execution and a motion to dismiss the complaint all in one pleading, and the Knoxes cannot possibly respond to this 38-page ramified filing within four business days.

  3. Additionally, both Mr. Strachman and I will be engaged in other professional and personal family matters over the next two weeks (including a two-day religious holiday on May 23-24 which we both observe, and my father is having abdominal surgery on May 21), which make responding to the PMA's filing before May 29 impossible for us.

  4. Thus, the relatively short enlargement requested is not merely a matter of convenience, but rather a necessity. In light of their numerous prior commitments (both professional and personal), counsel simply can not respond to the PMA's lengthy papers in less time.

  5. In a good faith effort to move this matter forward on an expedited basis, upon receipt of the OSC I immediately emailed opposing counsel proposing a revised briefing and argument schedule which would enlarge the schedule of the OSC by only two weeks. Moving counsel Scott Emery, Esq. refused the request on the ground that the Knoxes' <u>counsel</u> (not the Knoxes) had restrained the funds at issue in another case. In other words, the PMA refused to consent to a brief enlargement of the unusually tight OSC schedule as an (unethical) expression of personal animus against the Knoxes' attorney.

<u>No Emergency Exists, the Enlargement Will Not Prejudice the PMA</u>

  A two week enlargement will not prejudice the PMA and no emergency exists which requires that the Knoxes be forced to litigate this matter within four business days:

JAROSLAWICZ & JAROS

May 10, 2007

Page 4 of 6

1. The execution which the PMA now seeks to vacate was served almost three months ago. See PMA's Exhibit K. <u>The PMA took no action for approximately 80 days.</u> Having failed to act for almost three months, the PMA has created a false emergency in order to deny the Knoxes sufficient opportunity to respond to the PMA's lengthy papers.

2. Having had 80 days to prepare its pleadings, the PMA has attempted to get this Court to hamstring the Knoxes and force them to file responsive papers in four business days. This is simply unfair and unduly prejudices the Knoxes.

3. Moreover, since the PMA waited 80 days to file its papers, its attempt to characterize this matter as an emergency is clearly without basis and a sham attempt to seek unfair advantage. Certainly the Knoxes should not be burdened with responding to the OSC in only four days in light of the PMA's own dillydallying.

4. Furthermore, the funds at issue at the Bank of New York ("BNY") are earning interest and thus no damage is accruing to the PMA. My belief that BNY is paying interest is based on the fact that in another recent case in this district involving a post-judgment restraint on assets held at BNY, BNY paid interest on the funds held.

5. The Knoxes' position is that the writ of execution affects only the funds currently held by BNY, and that the PMA is free to conduct other transactions. I have repeatedly made this position clear to counsel for both the PMA and BNY, and offered to enter a stipulation to that effect, if either the PMA or BNY believes such a stipulation is necessary. Each such offer was <u>rebuffed by the PMA's counsel</u>, apparently in order to preserve the PMA's ersatz claim of "emergency."

JAROSLAWICZ & JAROS                    May 10, 2007
                                       Page 5 of 6

6. On April 18, 2007, the PMA filed an OSC against me and David Strachman *personally* in the New York Supreme Court in the *Ungar* collection proceedings, requesting a mandatory injunction against counsel (!) requiring that we release the execution in *this* court. See PMA's Exhibit O. Although the PMA obtained an OSC returnable one day later, on April 19, 2007 Judge Kornreich denied and dismissed the PMA's frivolous motion, even prior to the Knoxes' (or counsel) filing responsive pleadings. See PMA's Exhibit P.

7. Upon denying the PMA's OSC, Justice Kornreich told the PMA's counsel that they would have to seek relief in this Court. See PMA's Exhibit P. Yet, the PMA then waited another 19 days before filing the instant motion. This lackadaisical conduct again belies the claim that emergency relief is needed. Rather, since this is the PMA's second fire drill on the same issue, it is obvious that no true emergency exists and that instead the PMA has again utilized the OSC process to place the Knoxes and their counsel at an unfair advantage.

8. Having had months to prepare their pleadings, the PMA is shouting fire in order to force the Knoxes to respond in only four business days to their lengthy, multi-motion pleadings.

9. If a true emergency existed, the PMA would have filed this proceeding in February and not waited 80 additional days. And it would not have filed a bizarre motion against counsel in the New York Supreme Court in the *Ungar* collection proceedings but rather petitioned this Court. Had the PMA done so in March or April, this matter would have been fully briefed by now.

10. Though the claims of urgency are frivolous, the Knoxes have offered to expedite briefing and are not seeking to delay this matter.

11. This action is no different than any other post-judgment proceeding. This case should proceed according to the rules and afford a fair

JAROSLAWICZ & JAROS                    May 10, 2007

                                       Page 6 of 6

opportunity to all parties. The Court should not sanction the use of an artificial "emergency" to prejudice the Knox family (who, it should be recalled, were awarded a judgment for the brutal murder of Aaron Ellis by the PA).

                                       Respectfully yours,

                                       *[signature]*

                                       Robert J. Tolchin

cc:   Via fax:

      Haig Kalbian, Esq.

      Scott Emery, Esq

      Kenneth M. Bialo, Esq.

      David J. Strachman, Esq.

Request GRANTED. Plaintiffs' time to respond to the order to show cause herein is extended to 6-29-07. Argument is rescheduled to 6-1-07 at 10:00 a.m. The parties are directed to review the Court's individual practices with regard to page limitations. Extraneous matters will not be considered.

SO ORDERED:

5-10-07
DATE              VICTOR MARRERO, U.S.D.J.