OCT 19 '00 04:31PM
Case 2:07-cv-03349-VM Document 17-3 Filed 05/30/2007 Page 1 of 5 P.2/6
Case 3:05-mc-00208-PCD Document 47-4 Filed 03/06/2006 Page 1 of 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL TECHNOLOGIES INTEGRATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PALESTINE LIBERATION ORGANIZATION and THE PALESTINIAN NATIONAL AUTHORITY, <br><br> Defendants. | Civil Action No. 98-00756 (CKK) <br><br> **FILED** <br><br> JUL - 2 1999 <br><br> NANCY MAYER-WHITTINGTON, CLERK U.S. DISTRICT COURT <br><br> 6:20 p.m. |

ORDER

On June 22, 1999, this Court entered Judgment in the amount of $18,750,000 in favor of Plaintiff International Technologies Integration, Inc ("ITI") and against Defendants the Palestine Liberation Organization and the Palestinian National Authority (collectively "PNA"). Late this Friday afternoon, July 2, 1999, ITI filed an ex parte Motion for Temporary Restraining Order, for Registration of Judgment, and for Nunc pro Tunc Validation of Registered Judgment. According to a declaration filed by Neal S. Barlia, counsel for Plaintiff, an ITI representative indicated that Mohammed Rashid, Economic Advisor to PNA President Yasser Arafat, had traveled to New York in order to remove or transfer PNA assets located at Citibank and Arab Bank in New York and brokerage accounts located at Salomon Smith Barney. According to a declaration filed by John D. Seiver, counsel for Plaintiff, ITI is unaware of PNA assets located in the District of Columbia sufficient to satisfy the Judgment.

Based on the allegations set forth in Barlia's and Seiver's declarations, it appears that "immediate and irreparable injury, loss, or damage will result to" ITI. FED. R. CIV. P. 65(b)(1).

Accordingly, the Court grants the TRO—subject to several conditions. Foremost among these, the TRO shall be in effect for only one business day; it, therefore, shall expire at 6:00 p.m. on Tuesday, July 5, 1999. Second, the TRO is limited to enjoining $18,750,000. Third, ITI shall post a bond or deposit a check into the registry of the Court in the amount of $15,000. By entering this narrowly tailored TRO, the Court intends to preserve the status quo until it can adjudicate Plaintiff's Motion for Registration of Judgment and for Nunc pro Tunc Validation of Registered Judgment. Equity compels this short-term TRO to preserve the assets from being removed to a jurisdiction beyond the reach of any United States court.

By Tuesday, July 5, 1999, at 9:00 a.m., Defendants shall file any opposition to Plaintiff's Motion for Registration of Judgment and for Nunc pro Tunc Validation of Registered Judgment. Specifically, Defendants shall indicate why good cause does not exist for this Court to order the registration of its June 22, 1999 Judgment pursuant to 28 U.S.C. § 1963. On Tuesday, July 5, 1999, the Court shall notify counsel for both parties if an Order has issued or whether the Court will need to conduct a conference call.

**ACCORDINGLY**, it is, this 2 day of July, 1999, hereby

**ORDERED** that, pending the hearing and determination of Plaintiff's Motion for an Order Permitting Registration of the Judgment entered in this Court on June 22, 1999 in United States District Court for the Southern District of New York, and for other relief, Defendants the Palestine Liberation Organization and the Palestinian National Authority (collectively, "PNA") and each of their agents, representatives, employees, officers, servants, governmental instrumentalities or agencies, and all others acting on their behalf, as well as those acting in concert with them, are immediately enjoined and restrained from moving transferring, assigning,

2

hypothecating, interfering with or otherwise disposing of, in any manner whatsoever, money, securities, bonds, cash, cash equivalents, property, assets of whatever kind or nature whatsoever, and/or any property in which the PNA has an interest, in any account or accounts located at Citibank, Arab Bank, or Salomon Smith Barney, in which the PNA or any affiliate, instrumentality, agency, related entity, representative or agent, including but not limited to an account in any of the following names:

    PLO
    P.L.O.
    Palestine Liberation Organization
    PNA
    P.N.A.
    Palestinian National Authority
    Palestinian Authority
    Palestinian National Fund
    Palestine Liberation Organization, Palestinian National Fund
    Ministry of Finance
    Palestinian National Authority, Ministry of Finance Account
    Palestine Monetary Fund
    Palestinian National Authority, Palestine Monetary Fund
    Joint Investment Fund
    Palestine Liberation Organization Pension Fund
    Palestinian National Authority Pension Fund
    P.E.C.D.A.R.
    P.C.S.C.
    P.A.
    Palestine Liberation Organization, P.L.O., Palestinian National Fund
    SAMED
    Palestinian National Authority, Palestine Monetary Fund, Joint Investment Fund
    Palestinian National Authority, Palestine Monetary Authority
    P.M.A.
    P.M.A., Investment Department
    Palestinian National Authority, Palestine Monetary Authority, Investment Department;

and it is

**FURTHER ORDERED** that the injunctive relief set forth in the preceding paragraph shall be limited to preserving $18,750,000 aggregate between the accounts held at Citibank, Arab

Bank, and Salomon Smith Barney; and it is

**FURTHER ORDERED** that this TRO shall expire in one business day on Tuesday, July 5, 1999, at 6:00 p.m.; and it is

**FURTHER ORDERED** that Plaintiff shall file a bond or deposit a check into the registry of the Court in the amount of $15,000 pursuant to FED. R. CIV. P. 65(c); and it is

**FURTHER ORDERED** that Defendants shall file an opposition to Plaintiff's Motion for Registration of Judgment and for Nunc pro Tunc Validation of Registered Judgment by no later than 9:00 a.m. on Tuesday, July 5, 1999, with courtesy copies to be delivered to chambers; and it is

**FURTHER ORDERED** that service of a copy of this Order, together with the papers upon which it is granted shall be made upon Defendants by service on their counsel, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 by facsimile at (212) 806-6006, on or before July 2, 1999.

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

4

Copies to:

John David Seiver
Cole, Raywid & Braverman
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006

Howard Graff
Baer Marks & Upham LLP
805 Third Avenue
New York, NY 10022

Lawrence Greenwald
Stroock & Stroock & Lavan
180 Maiden Lane
New York, N.Y. 10038