UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LESLYE KNOX, Individually, and as Natural Guardian
of Plaintiffs Jordan Terrell Ellis, Reuven Carter,
Shanon Carter, Shayrah Carter, Yoshavyah Carter and      :   Civil Action No. 07-3349
Amitai Carter, JORDAN TERRELL ELLIS, minor,
REUVEN CARTER, minor, SHANON CARTER, minor,              :   Hon. V. Marrero
SHAYRAH CARTER, minor, YOSHAVYAH CARTER,
minor, AMITAI CARTER, minor, by their Next Friend and
Guardian Leslye Knox, and TSAPHRIRAH ELLIS,

                    Plaintiffs-Judgment Creditors,

      - against -

THE BANK OF NEW YORK,

                    Defendant-Garnishee,

PALESTINE MONETARY AUTHORITY,

                    Applicant for Intervention.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PALESTINE MONETARY
AUTHORITY'S MOTION TO STRIKE PLAINTIFFS' COUNTERCLAIM**

                                 Scott R. Emery
                                 LYNCH DASKAL EMERY LLP
                                 264 West 40th Street
                                 New York, New York 10018
                                 (212) 302-2400

                                 -and-

                                 Haig V. Kalbian
                                 Mary M. Baker
                                 KALBIAN HAGERTY LLP
                                 888 17th Street, NW, Suite 1000
                                 Washington, DC 20006
                                 (202) 223-5600

                                 Attorneys for
                                 Palestine Monetary Authority

**Preliminary Statement**

The Palestine Monetary Authority ("PMA") respectfully submits this memorandum of law in support of its motion to strike the plaintiffs' legally improper counterclaim. On April 26, 2007, plaintiffs filed a Complaint seeking turnover of seized PMA clearance funds that were improperly suspended by the Bank of New York ("BNY") in response to a Writ of Execution served in the *Knox* Action, *i.e. Knox v. Palestinian Authority*, 03 Civ. 4466 (VM)(THK) (S.D.N.Y.). PMA brought an Order to Show Cause seeking, *inter alia*, leave to intervene in the turnover proceeding to obtain confirmation from this Court that the Writ of Execution dated February 14, 2007 has no bearing on any PMA clearance funds suspended by the BNY. On June 1, 2007, this Court granted PMA's order to show cause, in part, and permitted PMA to intervene. PMA has not yet served any pleadings in this matter or asserted any claims against the plaintiffs. Nonetheless, on about June 21, 2007, plaintiffs served a "counterclaim" on PMA. That counterclaim should be stricken because it is procedurally improper, impertinent, and immaterial.

**Argument**

**PLAINTIFFS' COUNTERCLAIM MUST BE STRICKEN PURSUANT TO F.R.C.P. 12 (f) AND THE INHERENT AUTHORITY OF THE COURT BECAUSE PMA HAS NOT SERVED ANY CLAIMS ON THE PLAINTIFFS AND THEREFORE A COUNTERCLAIM IS IMPROPER**

The very concept of a counterclaim presupposes the existence or assertion of a claim against the party filing it. Moreover, the express terms of Rule 13 permit a counterclaim only in response to a claim filed by an opposing party against the prospective counter-claimant in the first instance. *See* F.R.C.P Rule 13. *See also*

*Kaufman v. Kerbert*, 16 F.R.D. 225, 227 (W.D.PA 1955). There is no assertion of such a claim in this case. PMA has not served any pleadings on the plaintiffs and has not asserted any claims against the plaintiffs. Without a claim having been made by PMA against the plaintiffs, the plaintiffs cannot properly serve a counterclaim on PMA.

The Court's inherent authority and F.R.C.P. Rule 12(f) permit the Court to strike any matter that is immaterial or impertinent. *See* F.R.C.P. Rule 12(f). Plaintiffs' counterclaim against PMA is both impertinent and immaterial in that it does not "counter" any claims made against plaintiffs by PMA. As such, the counterclaim of the plaintiff must be stricken in its entirety.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the accompanying Affirmation of Scott R. Emery in Support of the Palestine Monetary Authority's Motion to Strike plaintiffs' counterclaim, the Palestine Monetary Authority respectfully requests that this Court enter an order striking the counterclaim of the plaintiff in its entirety.

Dated: New York, New York
　　　　July 3, 2007

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　LYNCH DASKAL EMERY LLP

　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　Scott R. Emery (SE-6293)
　　　　　　　　　　　　　　　　　　　　　　　264 West 40th Street
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10018
　　　　　　　　　　　　　　　　　　　　Of Counsel:
　　　　　　　　　　　　　　　　　　　　　　　Haig V. Kalbian
　　　　　　　　　　　　　　　　　　　　　　　Mary M. Baker
　　　　　　　　　　　　　　　　　　　　　　　KALBIAN HAGERTY LLP
　　　　　　　　　　　　　　　　　　　　　　　888 17th Street, NW, Suite 1000
　　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　　　　　　(202) 223-5600
　　　　　　　　　　　　　　　　　　　　Attorneys for Palestine Monetary Authority

## PALESTINE MONETARY AUTHORITY RIDER

Robert Tolchin, Esq.
JAROSLAWICZ AND JAROS, LLC
225 Broadway, 24th Floor
New York, New York 10007

Kenneth M. Bialo, Esq.
EMMET, MARVIN & MARTIN, LLP
120 Broadway, 32nd Floor
New York, NY 10271