```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

LESLYE KNOX, individually and as
natural guardian of plaintiffs Jordan
Terrell Ellis, Reuven Carter, Shanon
Carter, Shayrah Carter, Yoshavyah
Carter and Amitai Carter,
JORDAN TERRELL ELLIS, minor,
REUVEN CARTER, minor,
SHANON CARTER, minor,
SHAYRAH CARTER, minor,
YOSHAVYAH CARTER, minor,
AMITAI CARTER, minor,
by their next of friend and guardian
Leslye Knox, and
TSAPHRIRAH ELLIS,

    Plaintiffs-Judgment Creditors,

— against —

THE BANK OF NEW YORK,

    Defendant-Garnishee,

and

PALESTINE MONETARY AUTHORITY

    Defendant-Intervenor.

07 Civ. 3349 (VM)

**DECISION AND ORDER**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-7-07

**VICTOR MARRERO, United States District Judge.**

    Plaintiffs ("Plaintiffs") initiated this supplemental proceeding against The Bank of New York ("BNY") seeking a judgment and order directing BNY to turnover and pay to Plaintiffs any funds in its possession that are due and owing the Palestine Monetary Authority ("PMA"), based on a judgment issued by this Court for Plaintiffs' against the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"). See Knox v. Palestine Liberation Organization, 442

F. supp. 2d 62, 65 (S.D.N.Y. 2006)(the "Knox Judgment").

The PMA moved to intervene in this action and moved for an order vacating the writ of execution and dismissing the complaint. At a hearing before the Court on June 1, 2007, the Court granted PMA's motion to intervene but indicated further consideration of its motion for an order vacating the writ of execution and dismissing the complaint was necessary.

The PMA's motion emphasizes the New York state Supreme Court's recent decision in a related action. See Palestine Monetary Auth. v. Strachman, No. 107777/05, 2007 WL 1063867 (N.Y. Sup. Apr. 2, 2007) ("PMA v. Strachman"). In PMA v. Strachman, the New York state court found that seizure of the very funds at issue in this action held by BNY in the name of the PMA (the "Seized Funds")[1] could not properly be restrained because PMA is a separate judicial entity from the PA. Id. at *9. Additionally, the court held that the seizure of the funds at issue was an improper restraint of funds under New York U.C.C. Article 4A. See Id. at *6. Thus, the court ordered that the "money held in [PMA's] name, restrained by [BNY], should be released." Id. at *9.

However, because the Plaintiffs had also recently served

---

[1] The funds were seized pursuant to a judgment against the PA and PLO entered by the U.S. District Court of Rhode Island, See Estates of Yaron Ungar, et al. v. The Palestinian Authority, et al., C.A. No. 00105L 9Ho. Ronald R. Legueux) (the "Ungar Judgment"), that was subsequently domesticated in New York County under Index Number 105521/05.

2

a writ of execution on BNY related to the Knox Judgment seeking to restrain the Seized Funds, since the New York state court has no jurisdiction over the writ of execution relating to the Knox Judgment, it refused to order BNY to release the Seized Funds to PMA.

The New York state court's decision in <u>PMA v. Strachman</u> has been appealed and this Court has been advised that the Appellate Division, First Department has scheduled briefing and will hear oral arguments in late November or early December of 2007. The Court is persuaded that the pending appeal in <u>PMA v. Strachman</u> cautions against resolving the instant motion at this time, in order to prevent the possibility of conflicting rulings and to have the benefit of the Appellate Division's views on the issues in dispute, particularly its views regarding the interpretation of New York state banking law. "The law in this circuit is clear that a district court may stay federal proceedings to allow resolution of a similar cause of action pending in state court." <u>Van Wagner Enterprises, LLC v. Alexander Brown</u>, 367 F. Supp. 2d 530, 531 (S.D.N.Y. 2005); <u>see also</u> <u>Giulini v. Blessing</u>, 654 F.2d 189, 193 (2d Cir. 1981) ("[A] federal court is not precluded, in the exercise of its discretion, from staying proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful

3

duplication of judicial resources and having the benefit of the state court's views.")(citations omitted).

While the Court recognizes that it does in fact already have the benefit of the state Supreme Court's views and that under normal circumstances the filing of an appeal might not warrant a stay, other circumstances present here buttress the Court's conclusion that a stay is appropriate. As indicated, the writ of execution the PMA seeks to vacate was issued in an effort by Plaintiffs to satisfy the outstanding Knox Judgment. This Court issued the Knox Judgment on default, after the PA and the PLO refused to answer the Plaintiffs' complaint and refused to acknowledge the jurisdiction of this Court. Recently, on July 31, 2007, the PA and the PLO filed a motion for relief from the Knox Judgment, seeking to vacate their default. While the Court notes that the motion to vacate the default judgment was filed almost two years after the default, and while the Court has yet formed no opinion on the merits of the motion, because of the exceptional circumstances present here, the Court must give the motion its due consideration.

In the event the Court were to vacate the Knox Judgment, it would necessarily impact this turnover proceeding seeking enforcement of that judgment. Thus, the Court, in its discretion, finds that this proceeding should be stayed pending resolution of the appeal in <u>PMA v. Strachman</u> and

resolution of the judgment-debtor's motion to vacate the Knox Judgment.

The Court acknowledges that staying this proceeding means that the Seized Funds remain unavailable to the PMA, and while the Court recognizes that the PMA is rightfully anxious to have access to those funds, particularly in light of the decision in PMA v. Strachman, weighing the competing interests at stake here, the Court finds that a stay "represents an exercise of sound discretion." Giulini, 654 F.2d at 193.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that further proceedings in this action be stayed, and that this action be placed on the Court's Suspense Docket pending resolution of the related state court proceedings and resolution of the recently filed motion to vacate the judgment underlying this turnover proceeding.

**SO ORDERED.**

DATED:   New York, New York
         7 September 2007

_____
Victor Marrero
U.S.D.J.

5